NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAYMIN RAVJIBHI PATEL and JAIMINIBEN PATEL,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; TODD BLANCHE, *Acting Attorney General*; MARKWAYNE MULLIN, *Secretary of Department of Homeland Security*; JOSEPH EDLOW, *Director of U.S. Citizenship & Immigration Services*;[1] and TERRI ROBINSON, *Director of the USCIS National Benefits Center*,<br><br>Defendants. | Case No. 2:25-cv-12177 (BRM) (JSA)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion to Dismiss ("Motion") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (6) filed by Defendants United States of America, Pamela Bondi, Kristi Noem, Angelica Alfonso-Royals, and Terri Robinson (together, "Defendants").[2] (ECF No. 24.) Plaintiffs Jaymin Ravjibhi Patel ("J.R. Patel") and Jaiminiben Patel ("J.B. Patel") (together,

---

[1] Defendants Todd Blanche, Markwayne Mullin, and Joseph Edlow—the current holders of their respective offices—are substituted for Pamela Bondi, Kristi Noem, and Angelica Alfonso-Royals as the proper defendants in this matter. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

[2] Defendants Todd Blanche, Markwayne Mullin, and Joseph Edlow have been substituted for Pamela Bondi, Kristi Noem, and Angelica Alfonso-Royals. (*See supra* note 1.)

1

"Plaintiffs") filed an Opposition. (ECF No. 25.) Defendants replied. (ECF No. 26.) Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion to Dismiss (ECF No. 24) is **GRANTED**.

## I.    BACKGROUND

### A.  Factual Background

For purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Second Amended Complaint ("SAC") as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

J.R. Patel became a United States citizen in 2009. (ECF No. 19 ¶¶ 2, 16). On July 20, 2010, J.R. Patel was convicted for "attempted endangerment of the welfare of a child and criminal attempt." (*Id.* ¶¶ 2, 15.) J.R. Patel acknowledges his conviction "qualifies under New Jersey law as a sex offense" and under the Adam Walsh Child Protection and Safety Act of 2006 ("AWA") as a "specified offense against a minor." (*Id.* ¶¶ 2, 19.)

On September 11, 2015, J.R. Patel married J.B. Patel, who is a citizen of India and not of the United States. (*Id.* ¶ 17.) J.B. Patel is "admitted to and present in the U.S. as a non-immigrant, pending admission as a permanent resident alien." (*Id.* ¶ 2.) J.R. Patel twice filed an I-130 Petition—on October 11, 2019, and February 21, 2023—to secure lawful permanent status for J.B. Patel in the United States. (*Id.* ¶ 18.)

Because of J.R. Patel's conviction, J.R. Patel was required to "prove beyond any reasonable doubt that he, the citizen, poses 'no risk' of harm to his beneficiary," *i.e.*, his wife. (*Id.* ¶ 20 (citing 8 U.S.C. § 1154).) With respect to whether J.R. Patel posed no risk of harm to his wife, J.R. Patel provided the U.S. Citizenship and Immigration Services ("USCIS") with reports from his treating psychiatrist, Dr. Zachary Yeoman. (*Id.* ¶ 23.) Dr. Yeoman's "clinical appraisal" placed J.R. Patel "in the lowest possible risk category." (*Id.* ¶ 24.) In fact, in the years since his conviction, "multiple professional evaluators" have determined J.R. Patel "poses a low and a 'very low' risk of re-offense." (*Id.* ¶¶ 29, 37.) J.R. Patel maintains it "lies beyond the realm of any qualified professionals to reach a conclusion that any sex offender poses *no risk* of future harm to others." (*Id.* ¶ 26 (emphasis in original).) Moreover, J.R. Patel's wife, J.B. Patel, certified J.R. Patel "has never harmed her and . . . she perceives no threat of harm from [J.R.] Patel." (*Id.* ¶ 30.)

Nevertheless, USCIS denied both of J.R. Patel's petitions based on the AWA and found J.R. Patel "failed to meet his burden of presenting no risk [to] his beneficiary spouse." (*Id.* ¶¶ 3, 18.) As a result, J.R. Patel brought this action and is claiming the denial of his petitions violated: (1) his substantive due process rights because he "has a protected liberty interest in securing permanent resident status for his wife," and (2) the Administrative Procedure Act ("APA") because "USCIS applied the wrong evidentiary standard." (*Id.* ¶¶ 41, 45.)

### B. Procedural History

On June 26, 2025, Plaintiffs filed their first complaint and first amended complaint. (ECF Nos. 1, 3.) Defendants filed a motion to dismiss on September 29, 2025. (ECF No. 18.) On October 20, 2025, Plaintiffs filed both an opposition to the motion to dismiss (ECF No. 20), as well as the operative SAC (ECF No. 19). In light of the SAC, the Court administratively terminated Defendants' motion to dismiss on October 21, 2025. (ECF No. 21.) On November 26, 2025,

3

Defendants filed the Motion to Dismiss now before the Court. (ECF No. 24.)[3] Plaintiffs filed an Opposition on December 22, 2025. (ECF No. 25.) On December 29, 2025, Defendants filed a Reply. (ECF No. 26.)

## II.    LEGAL STANDARD

### A.  Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). A motion to dismiss under Rule 12(b)(1) challenging the Court's subject matter jurisdiction asserts the Court lacks "authority or competence to hear and decide the case before it." *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (citing Charles Alan Wright & Arthur R. Miller, *5B Federal Practice and Procedure* § 1350 (3d ed. 2004)). A plaintiff bears the burden of pleading jurisdiction is appropriate. *Id.* at 521; *see also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction . . . to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *See Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

---

[3] The Court granted Defendants' request for a 14-day extension to file the Motion to Dismiss. (ECF No. 23.)

The court is tasked with determining "whether [it is] dealing with a facial or factual attack to jurisdiction." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example," (1) "it does not present a question of federal law," (2) "there is no indication of a diversity of citizenship among the parties," or (3) "some other jurisdictional defect is present." *Const. Party of Pa. v. Aichel*e, 757 F.3d 347, 358 (3d Cir. 2014). The standard of review for a facial attack is the same as one "under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Id.* (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

A factual attack, however, "concerns not an alleged pleading deficiency, but rather the actual failure of [a plaintiff's] claims to comport with . . . jurisdictional prerequisites." *United States ex rel. FLFMC, LLC*, 855 F. Supp. 2d at 304 (quoting *United States ex rel. Atkinson*, 473 F.3d at 514). Unlike a facial attack, no presumption of truthfulness attaches to a plaintiff's allegations. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348. "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

5

Here, Defendants assert a facial Rule 12(b)(1) challenge given they do not raise arguments concerning any of the underlying facts but rather focus exclusively on deficiencies in the pleadings. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.  Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and then quoting Fed. R. Civ. P. 8(a)(2)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a

6

defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancement" and not just conclusory statements or a "recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 570). The Supreme Court's ruling in *Iqbal* emphasizes a plaintiff must show the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184

F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III.    DECISION

Defendants argue both counts in Plaintiffs' SAC are foreclosed by the Third Circuit's precedential decision in *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557 (3d. Cir. 2018). (ECF No. 24-1 at 6–12; ECF No. 26 at 1.) Specifically, Defendants contend: (1) *Bakran* rejected a substantive due process claim indistinguishable from the one Plaintiffs brought (ECF No. 24-1 at 6 (citing 894 F.3d at 565)), and (2) the APA and the Immigration and Nationality Act ("INA") "strip subject matter jurisdiction over claims challenging matters within agency discretion, including the selection of one burden of proof over another in deciding AWA petitions" (*id.* at 8). In response, Plaintiffs argue *Bakran* "did not address whether USCIS violated the APA in consideration of an immigrant visa application that falls under the AWA[] when the Plaintiffs contend that USCIS applied the wrong evidentiary standard." (ECF No. 25 at 3.) Plaintiffs posit the "correct standard is on[e] of the preponderance of the evidence." (*Id.*) The Court first addresses the constitutional claim and then turns to the APA claim.

### A.  *Bakran* Forecloses Plaintiffs' Substantive Due Process Claim

J.R. Patel claims he "has a liberty interest in his ability to secure permanent resident status for his wife." (ECF No. 19 ¶ 34; *see also id.* ¶ 41 ("Plaintiff has a protected liberty interest in securing permanent resident status for his wife.").) The Court agrees with Defendants—*Bakran* forecloses this substantive due process claim.

"The due process guarantees of the Fifth Amendment 'include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest.'" *Bakran*, 894 F.3d at 564 (quoting *Reno v. Flores*, 507 U.S. 292, 301–02 (1993)). In *Bakran*, the Third Circuit held "[t]he AWA's restriction on a convicted sex offender's ability to sponsor his spouse's immigration petition does not infringe the fundamental right to marry." *Id.* at 564. The court rejected the assertion that "the AWA interferes with [the appellant's] ability to live in the United States with his foreign spouse" and the argument that appellant "has a constitutional right to sponsor his foreign spouse's immigration application." *Id.* Indeed, the court stressed "no court has recognized that a citizen spouse has a constitutional right to have his or her alien spouse reside in the United States." *Id.* at 565; *see also Dep't of State v. Muñoz*, 602 U.S. 899, 909 (2024) ("[W]e hold that a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country."). Therefore, "while the AWA restricts [J.R. Patel's] access to certain immigration benefits because of his prior conviction, it does not deprive [him] of his fundamental right to marry or a benefit uniquely available to married persons." *Bakran*, 894 F.3d at 566.

Accordingly, Defendants' Motion to Dismiss Plaintiffs' substantive due process claim (Count I) is **GRANTED**. *See Giordano v. Garland*, Civ. A. No. 20-07875, 2021 WL 3012863, at *5 (D.N.J. July 14, 2021) (rejecting substantive due process challenge to AWA because the Third Circuit in *Bakran* "held that the Adam Walsh Act does not infringe upon [the] right" to marry (citing *Bakran*, 894 F.3d at 564)).[4]

---

[4] As Defendants point out (ECF No. 26 at 1), Plaintiffs appear to concede *Bakran* bars their substantive due process claim (*see* ECF No. 25 at 2 ("This Court may likely agree that *Bakran*

### B. *Bakran* Forecloses Plaintiffs' APA Claim

Plaintiffs' APA claim fares no better under *Bakran*. Plaintiffs argue *Bakran* did not address whether USCIS violates the APA by applying the wrong evidentiary standard, and the correct standard under binding agency precedent is the preponderance of the evidence rather than proof beyond a reasonable doubt. (ECF No. 25 at 3.) The Court concludes under *Bakran* it lacks jurisdiction to hear this claim.

The AWA provides a citizen "convicted of a specified offense may not file a petition for immediate relative status 'unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition . . . is filed.'" *Bakran*, 894 F.3d at 562 (quoting 8 U.S.C. § 1154(a)(1)(A)(viii)(I)). Interpreting this language, the Third Circuit in *Bakran* concluded the Secretary has "unreviewable discretion in both concluding that a petitioner poses no risk and the process by which the Secretary reaches this decision." *Id.* at 563. Exercising this discretion "includes deciding the type of proof required, the evidentiary standard a petitioner must satisfy, and whether the petitioner's evidence meets that standard." *Id.* Therefore, *Bakran* clarified "federal courts lack jurisdiction to review the burden of proof . . . directives that guide the Secretary's determination concerning whether a petitioning sex offender poses no risk to the beneficiary of his or her petition." *Id.* at 563–64.

Accordingly, because this Court lacks jurisdiction, Defendants' Motion to Dismiss Plaintiffs' APA claim (Count II) is **GRANTED**. *See Giordano*, 2021 WL 3012863, at *4 ("*Bakran* held that the Secretary, and thereby the [USCIS], have specifically been granted the unreviewable

---

applies as it relates to the constitutional claim.")). Because the Court concludes *Bakran* forecloses the constitutional claim, the Court need not determine whether Plaintiffs in fact conceded same.

discretion to fix 'the evidentiary standard.'" (quoting 894 F.3d at 563)).[5]

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 24) is **GRANTED**. Count I of Plaintiffs' SAC (ECF No. 19 ¶¶ 11–43) is **DISMISSED WITH PREJUDICE**,[6] and Count II of Plaintiffs' SAC (ECF No. 19 ¶¶ 44–46) is **DISMISSED WITHOUT PREJUDICE**.[7] An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: April 20, 2026

---

[5] Plaintiffs rely on a decision from the United States Court of Appeals for the District of Columbia Circuit to support their APA claim. (ECF No. 25 at 3–4 (citing *Castaneira v. Noem*, 138 F.4th 540 (D.C. Cir. 2025).) As Defendants correctly argue, *Castaneira* is not binding on this Court. (ECF No. 24-1 at 10.) Therefore, the Court declines to consider Plaintiffs' out-of-circuit authority, especially given the Third Circuit's on-point and binding decision in *Bakran*. *See United States v. Maury*, 695 F.3d 227, 259 (3d Cir. 2012) ("[T]he decisions of other circuits, while persuasive, are not binding on the district courts in this Circuit."); *Villines v. Harris*, 487 F. Supp. 1278, 1279 n.1 (D.N.J. 1980) ("Decisions of the Court of Appeals for a given circuit are binding on the district courts within the circuit, but are not binding on courts in other circuits, whether at the appellate or district level.").

[6] Count I is dismissed with prejudice because permitting amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

[7] Because the Court is dismissing Count II for lack of subject matter jurisdiction, the dismissal is without prejudice. *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))); *Reiter v. Anthem Blue Cross Blue Shield*, Civ. A. No. 17-11622, 2018 U.S. Dist. LEXIS 120960, at *11 n.5 (D.N.J. July 18, 2018) ("A Rule 12(b)(1) jurisdictional dismissal, which does not implicate the merits, is without prejudice." (citing *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580–81 (3d Cir. 2007))).